# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **I.M.**

**No. 21-0752** (Wayne County 20-JA-81)

## MEMORANDUM DECISION

Petitioner Mother A.M., by counsel Michael A. Meadows, appeals the Circuit Court of Wayne County's August 26, 2021, order terminating her parental rights to I.M.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Brittany Ryers-Hindbaugh, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Melia Atwell Adkins, filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her improvement period and her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Prior to the instant proceedings, in 2013, petitioner was the subject of abuse and neglect proceedings wherein her parental rights to two older children were terminated. The DHHR filed the instant petition against petitioner and her boyfriend, G.W., in November of 2020, following the birth of I.M., who exhibited symptoms of drug withdrawal.[2] According to the DHHR, a Child Protective Services ("CPS") worker implemented a temporary protection plan with petitioner following the child's birth in order to complete an assessment of the home and file a petition given petitioner's prior termination of her parental rights. During the course of the CPS worker's

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]During the course of the proceedings, paternity testing established that G.W. was not the child's biological father.

assessment, an incident occurred wherein petitioner called the worker in the early morning hours claiming that G.W. had removed petitioner and the child from the home in which they were staying at gunpoint. Petitioner further reported that G.W. raped her. Approximately thirty minutes later, G.W. also called the worker, claiming that petitioner was "blasted on something" and "ran off" into the woods. G.W. called the worker a few hours later and stated that petitioner was having a mental breakdown. CPS workers and law enforcement officers responded to the situation and found petitioner incoherent. Based upon petitioner's suspected drug abuse, domestic violence between petitioner and G.W., and petitioner's prior termination of parental rights, the DHHR alleged that the child was abused and/or neglected.

The circuit court held an adjudicatory hearing in February of 2021. Petitioner stipulated that she had a substance abuse problem and exposed the child to domestic violence. The circuit court accepted petitioner's stipulation, adjudicated her as an abusing parent, and granted her a post-adjudicatory improvement period.

In July of 2021, the circuit court held a review hearing. Petitioner did not appear but was represented by counsel, who told the circuit court that he informed petitioner of the hearing and her need to be present. The DHHR presented the testimony of a CPS worker, who stated that petitioner had not visited with the child since March of 2021 and had not participated in the case since April of 2021. Petitioner submitted to an initial drug screen but then failed to submit to any screens after that, failed to obtain housing or employment, and failed to participate in substance abuse treatment. After hearing testimony, the guardian moved the circuit court to terminate petitioner's improvement period. The circuit court granted the motion, finding that petitioner failed comply with any requirements of her case plan, and set the matter for disposition.

The circuit court held a dispositional hearing in August of 2021. Petitioner failed to attend but was represented by counsel. A CPS worker testified that petitioner had not submitted to a drug screen since an initial screen in April of 2021, which was positive for methamphetamine and marijuana. Petitioner had not obtained employment, failed to comply with parenting and adult life skills classes, failed to enter an inpatient drug treatment program, and did not visit with the child after March of 2021. The worker further indicated that the DHHR assisted petitioner in finding a suitable apartment but that she left the apartment to move back in with G.W. According to the worker, petitioner essentially "fell off the radar" and failed to maintain contact with her caseworkers and service providers. The worker characterized petitioner as completely noncompliant with the terms and conditions of her improvement period and, therefore, recommended the termination of her parental rights.

The circuit court found that petitioner failed to attend inpatient drug treatment or address her substance abuse issues, had not submitted to a drug screen since the beginning of her improvement period when she tested positive for methamphetamine, failed to obtain employment, and failed to visit with the child. Accordingly, the circuit court terminated petitioner's parental rights upon finding that there was no reasonable likelihood that petitioner could correct the

conditions of abuse and neglect in the near future and that termination was necessary for the child's welfare. Petitioner appeals the circuit court's August 26, 2021, dispositional order.[3]

The Court has previously established the following standard of review in cases such as this:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner first argues that the circuit court erred in terminating her improvement period when she had issues with transportation and communication throughout the proceedings. Petitioner blames the remote location of her home on her inability to consistently participate in her improvement period and claims that the circuit court could have let her improvement period expire naturally instead of prematurely terminating it, giving her additional time to correct the conditions of abuse and neglect.

In her brief on appeal, petitioner fails to cite to any legal authority in support of this assignment of error. Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that "[t]he brief must contain an argument exhibiting clearly the points of fact and law presented . . . and citing the authorities relied on, under headings that correspond with the assignments of error." Additionally, in an Administrative Order entered December 10, 2012, Re: Filings That Do Not Comply With the Rules of Appellate Procedure, the Court specifically noted in paragraph two that "[b]riefs that lack citation of authority [or] fail to structure an argument applying applicable law" are not in compliance with this Court's rules. Further, "[b]riefs with arguments that do not contain a citation to legal authority to support the argument presented and do not 'contain appropriate and specific citations to the record on appeal . . .' as required by rule 10(c)(7)" are not in compliance with this Court's rules. Here, petitioner's brief regarding this assignment of error is inadequate as it fails to comply with West Virginia Rule of Appellate Procedure 10(c)(7) and our December 10, 2012, administrative order. Accordingly, the Court will not address this assignment of error on appeal.

---

[3]The unknown father's parental rights to the child were also terminated below. The permanency plan for the child is adoption by the foster family.

Petitioner next argues that the circuit court erred in terminating her parental rights. According to petitioner, she demonstrated that she was willing to work with the DHHR to address the conditions of abuse and neglect. Petitioner contends that she entered into a domestic violence shelter and obtained housing. Given that she initially participated in the case, petitioner states that "it is possible that [she] would have been able to participate in the case again" and that the circuit court erred in terminating her parental rights without granting her additional time to comply with services.

West Virginia Code § 49-4-604(c)(6) provides that circuit courts are to terminate parental rights upon finding that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the child's welfare. West Virginia Code § 49-4-604(d)(3) provides that a circuit court may find that there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected when the abusing parent has

> not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health, or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare, or life of the child.

The record establishes that petitioner failed to follow through with services designed to reduce or prevent the abuse or neglect of the child. While petitioner may have initially participated in some aspects of improvement period, she tested positive for methamphetamine, failed to submit to any drug screens thereafter, and failed to enter inpatient drug treatment as required. Further, petitioner moved out of the housing acquired for her by the DHHR, moved back in with G.W. despite their history of domestic violence, and thereafter ceased participating in the proceedings. Indeed, petitioner failed to attend multiple hearings, including the dispositional hearing. While petitioner blames the remoteness of her home on her inability to participate, she chose to move to the remote location instead of remaining in the housing secured by the DHHR. The record also demonstrates that she ignored any attempts by service providers to provide in-home services or transportation. Further, petitioner failed to visit with the child after March of 2021. "We have previously pointed out that the level of interest demonstrated by a parent in visiting his or her children while they are out of the parent's custody is a significant factor in determining the parent's potential to improve sufficiently and achieve minimum standards to parent the child." *In re Katie S.*, 198 W. Va. 79, 90 n.14, 479 S.E.2d 589, 600 n.14 (1996) (citations omitted). Given this evidence, the circuit court found that petitioner failed to address her substance abuse, obtain employment, or visit with the child. Under these circumstances, petitioner's failure to successfully complete her improvement period was sufficient to support the circuit court's determination that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future.

To the extent petitioner argues that she should have been given more time to comply with services, we have previously held that "[c]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be

seriously threatened." *Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, Syl. Pt. 4, in part (citation omitted). Further, we have held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Based on the foregoing, it is clear that petitioner failed to remedy to the conditions of abuse and neglect and, thus, termination of her parental rights was not error.

For the foregoing reasons, we find no error in the decision of the circuit court, and its August 26, 2021, order is hereby affirmed.

Affirmed.

**ISSUED**: April 14, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice Alan D. Moats sitting by temporary assignment